United States District Court
Southern District of Texas
**ENTERED**
March 22, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YUCOB RYLANDER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04260 |
| | § | |
| THE KROGER CO., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion for Default Judgment filed by Plaintiff Yucob Rylander ("Rylander"). Dkt. 7. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be **DENIED**.

Rylander, proceeding pro se, filed this lawsuit on December 9, 2022, against Defendants The Kroger Co., Kroger Distribution Center, and Ivonne Allen ("Allen"). He brings claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. He further asks that "Allen be penalized to the full extent of the law for her acts of perjury and her willful violation of the OSH Act." Dkt. 1 at 6.

In his Motion for Default Judgment, which was filed on January 3, 2023, Rylander asserts that "Defendant, Kroger et al, was served with citation on December 10, 2022," but failed to make an appearance in the time allowed by law. Dkt. 7 at 1. Not surprisingly, Defendants forcefully oppose Rylander's efforts to obtain a default judgment. Defendants advance several reasons why this Court should not award a default judgment. First, Defendants argue that Rylander has failed to properly serve his complaint on Defendants. Second, Defendants maintain that a default judgment is not warranted because Defendants have expressed their intent to defend this matter by filing responsive pleadings. In support of this argument, Defendants note that on January 5, 2023, Allen filed a

Motion to Dismiss, while The Kroger Co. and Kroger Distribution Center filed an Answer and a Partial Motion to Dismiss on that same day.

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Although a defendant may technically be in default, "a party is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The entry of a default judgment is generally committed to the sound discretion of the district court. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Our system of justice encourages resolving disputes on the merits. *See Harper Macleod Solic. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). For that reason, the Fifth Circuit has specifically stated that default judgments "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984).

I will, for the sake of argument, assume that Rylander properly served Defendants in this matter. Even so, there are no facts that remotely suggest that entry of a default is appropriate. Within a month of this lawsuit being filed, Defendants appeared in the case and demonstrated their firm intent to defend the claims raised by Rylander. Rylander has not been prejudiced in the least. Given these circumstances, awarding a default judgment would be unfair and unjust. "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Sun Bank of Ocala*, 874 F.2d at 276. Let's resolve this case on the merits.

## CONCLUSION

For the reasons identified above, I recommend that Rylander's Motion for Default Judgment (Dkt. 7) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 22nd day of March 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE