United States District Court
Southern District of Texas
**ENTERED**
March 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YUCOB RYLANDER, § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-04260 |
| § | |
| THE KROGER CO., *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Yucob Rylander's Motion for Summary Judgment (Dkt. 32) and Defendants Kroger Co. and Kroger Distribution Center (collectively, "Kroger") and Ivonne Allen's Motion for Summary Judgment (Dkt. 37), Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. 34), and Motion to Strike Response in Opposition to Motion for Summary Judgment (Dkt. 40). Having reviewed the pleadings, the summary judgment record, and applicable law, the Court **DENIES** Rylander's Motion for Summary Judgment, **GRANTS in part and DENIES in part** Kroger and Allen's Motions to Strike, and **GRANTS** Kroger and Allen's Motion for Summary Judgment. The reasons for these rulings are set forth below.

### I.  BACKGROUND

Rylander began working for Kroger in October 2018 as an order selector. (Dkt. 37-1 at p. 15). As part of the onboarding, Kroger gave Rylander safety training through video presentations. (Dkt. 37-1 at p. 19). Kroger also presented Rylander with its Safety & Accident Reporting Procedures manual, which informs employees to report any accident

or injury to management immediately. (Dkt. 37-1 at p. 22; Dkt. 37-3). Rylander acknowledges receiving and signing the form outlining these procedures. (Dkt. 37-1 at p. 22; Dkt. 37-3). Rylander also completed a series of training modules, including one on safety and accident prevention and reporting, which also notes that accidents and injuries should be reported immediately. (Dkt. 37-1 at p. 23; Dkt. 37-4).

Rylander's position eventually changed when he began working as a forklift driver for Kroger. (Dkt. at 37-1 at p. 16). On June 23, 2021, Rylander was operating a forklift when it struck a staircase. (Dkt. 37-6 at ¶ 4). However, Rylander did not immediately report it to Damon Patterson, the warehouse supervisor. (Dkt. 37-6 at ¶ 4). Just a few minutes after the collision, Patterson, unaware of what occurred, summoned Rylander to his office to assign him to a different forklift. (Dkt. 37-6 at ¶ 5). Rylander again failed to inform Patterson of the incident before leaving the office and continuing on to operate one of the forklifts. (Dkt. 37-6 at ¶ 5). Patterson later learned that another associate witnessed Rylander hit the stairs with the forklift. (Dkt. 37-6 at ¶ 6). Patterson asked Rylander to meet in his office again, at which time Patterson questioned Rylander about his failure to report. (Dkt. 37-6 at ¶ 8). Rylander admitted to Patterson that he should have told someone. (Dkt. 37-6 at ¶ 8).

On June 25, 2021, Kroger fired Rylander for striking the staircase with the forklift and failing to immediately report it. (Dkt. 37-7 at ¶ 3).

## II. PROCEDURAL HISTORY

Rylander filed this lawsuit *pro se* against Kroger and Ivonne Allen alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Occupational Safety and Health Act ("OSH Act"), and Texas Penal Code § 37.02. (Dkt. 1). Subsequently, Rylander moved for summary judgment on his claims against Kroger Texas LLP. (Dkt. 32). Kroger and Allen filed objections and a motion to strike the summary judgment evidence, (Dkt. 34), along with a joint response to the summary judgment motion, (Dkt. 35).

Kroger and Allen have also moved for summary judgment on Rylander's claims. (Dkt. 37). Rylander responded in opposition. (Dkt. 39; Dkt. 42). Kroger and Allen have moved to strike Rylander's response in opposition to their motion for summary judgment. (Dkt. 40). These motions are ripe for ruling.

### III. KROGER AND ALLEN'S MOTIONS TO STRIKE

Kroger and Allen object and move to strike Rylander's "Statement of Undisputed Facts." (Dkt. 34 at pp. 1-2; Dkt. 40 at pp. 1-3). In short, they argue that Rylander did not provide citations to the record to support his factual recitation in his Motion for Summary Judgment and Response to Kroger and Allen's Motion for Summary Judgment.

The Court is mindful that Rylander is proceeding *pro se* and has carefully reviewed the entire record. The Court notes that Rylander failed to adequately cite to the record. The United States Supreme Court, however, has cautioned that *pro se* plaintiff's motions and pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). With that backdrop, the Court declines to sustain Kroger and

Allen's objections for two reasons: (1) briefing is not evidence; and (2) the Court is dutybound to rely only on admissible evidence in the record in the first instance. *See Hobbs v. Ketera Techs., Inc.*, 865 F. Supp. 2d 719, 736 (N.D. Tex. 2012) ("[T]he court only considered evidence that is admissible pursuant to Rule 56 [] and the summary judgment standard herein enunciated. As the court relied only on admissible evidence, it overrules both parties' objections ….") (bold lettering omitted). The Court respectfully DENIES Kroger and Allen's request to strike the factual background Rylander presents in his Motion for Summary Judgment and Response to Kroger and Allen's Motion for Summary Judgment.

Kroger and Allen also move to strike a document included with Rylander's Motion for Summary Judgment that appears designed to serve as a transcript of a hearing conducted by the Texas Workforce Commission ("TWC"). (Dkt. 34 at p. 2; Dkt. 32 at pp. 9-109). Kroger and Allen move to strike the transcript from the Court's consideration due to Rylander's "fail[ure] to include any documentation authenticating this transcript and the contents of the hearing." (Dkt. 34 at p. 2).

Hearing transcripts, like the one at issue here, may be admissible if properly authenticated. *See Garcia v. Gloor*, 618 F.2d 264, 271-72 (5th Cir. 1980) (Texas unemployment hearing transcript admissible under public records hearsay exception when properly authenticated). Federal Rule of Evidence 901 provides that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must

produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a).

The hearing transcript lacks virtually any indicia of reliability. For example, the transcript is not dated; it leaves to the imagination the identity of the speakers because none of the text is assigned to a particular person; there are no identifiers to aid in determining the specific proceeding the hearing was held in; and, importantly, the identity of the scrivener is unknown. The latter flaw is perhaps most concerning because it necessarily demonstrates that the transcript was not authenticated because the transcriber did not sign and certify it as true and correct. *Cf. Guerrero v. Total Renal Care, Inc.*, 932 F. Supp. 2d 769, 777 (W.D. Tex. 2013) (finding transcription of notes was properly authenticated under Rule 901 where declaration stated the document was "a true and correct summary of the patient's stated concerns"). The Court finds that the transcript is unauthenticated and GRANTS Kroger and Allen's request to strike the TWC hearing transcript.

Kroger and Allen also move to strike additional evidence submitted with Rylander's Response to Defendants' Motion for Summary Judgment. (Dkt. 40). After Kroger and Allen filed their Motion to Strike, Rylander filed an Amended Response to the Motion for Summary Judgment. (Dkt. 42). The amendment cured the issues Kroger and Allen raise. As such, the Court DENIES Kroger and Allen's request to strike additional evidence.

## IV.      SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A

fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

To survive at this stage, the non-movant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015). While courts "resolve factual controversies in favor of the non-moving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**V.     ANALYSIS OF KROGER AND ALLEN'S MOTION FOR SUMMARY JUDGMENT**

**A. Title VII—Racial Discrimination**

Title VII prohibits employers from discriminating based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Unlawful discrimination under Title VII can be established through either direct or circumstantial evidence. *Desert Palace, Inc.*

*v. Costa*, 539 U.S. 90, 99, 123 S.Ct. 2148, 2157, 156 L.Ed.2d 84 (2003); *Wallace v. Methodist Hosp. Sys.* 271 F.3d 212, 219 (5th Cir. 2001). The oft-employed *McDonnell Douglas* framework applies in the absence of direct evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-801, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

To make a prima facie showing of race discrimination under Title VII, a plaintiff must demonstrate:

> "that he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group."

*Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (quoting *Stroy v. Gibson ex rel. Dep't of Veteran Affs.*, 896 F.3d 693, 698 (5th Cir. 2018)).

Once a plaintiff establishes a prima facie case of discrimination, the burden of production of evidence shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (quoting *EEOC v. Chevron Phillips Chem. Co., L.P.*, 570 F.3d 606, 615 (5th Cir. 2009)).

If the employer meets its burden of production, the burden then shifts to the plaintiff to "produce evidence from which a jury could conclude that the employer's articulated reason is pretextual." *Id.* "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015) (quoting

*Laxton v. Gap, Inc.*, 335 F.3d 572, 578 (5th Cir. 2003)). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000).

Kroger and Allen maintain that Rylander cannot establish a prima facie case of race discrimination because he cannot show that he was treated less favorably than similarly situated employees outside of his protected class. To satisfy the fourth prong of a Title VII race discrimination prima facie claim based on disparate treatment, the plaintiff must point to at least one coworker outside of his race who received more favorable treatment "under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Alternatively, the plaintiff may show that he was replaced by someone outside of his race. *Stroy*, 896 F.3d at 698.

As a threshold matter, there is no evidence in the record of an important foundational fact that is central to a race discrimination claim—Rylander's race.[1] Likewise, there is an equal paucity of evidence identifying the race of anyone who was allegedly treated more favorably than Rylander. As a result, Rylander's Title VII race discrimination claim cannot survive unless he can satisfy the fourth prong the alternative way. *See Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017) ("Ammar has failed to identify a single non-

---

[1] Even if there was competent summary judgment evidence of Rylander's race in the record, the result would be the same because there is no evidence that any adverse actions were motivated by his race.

Jordanian Muslim Arab FS/FL in Dow's Epoxy Research and Development Group. This alone justifies dismissal of his Title VII claim.").

Kroger and Allen do not argue that summary judgment is appropriate on Rylander's race discrimination claim for the standalone reason that he is unable to establish disparate treatment through a replacement coworker outside of his race. Indeed, Kroger replaced Rylander after his termination, (Dkt. 37-8 at ¶ 4), but Rylander has not adduced any evidence of his replacement's race to satisfy the fourth element. Because Rylander has the initial burden of setting forth the prima facie showing of discrimination, but has failed to do so, Kroger and Allen are entitled to summary judgment on this claim.

### B. Title VII—Retaliation

Title VII forbids retaliation against individuals who oppose discrimination or engage in other protected activities. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001); 42 U.S.C. § 2000e-3(a). To establish a prima facie case for retaliation under Title VII, the plaintiff must show that: (1) he engaged in activity protected by Title VII; (2) the defendant took adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015). As with Title VII discrimination claims, courts employ the *McDonnell Douglas* burden-shifting framework to analyze retaliation claims under the statute. A plaintiff may use direct or circumstantial evidence to establish a retaliation claim under Title VII. *Desert Palace*, 539 U.S. at 99.

Kroger and Allen contend they are entitled to summary judgment on Rylander's Title VII retaliation claim because he cannot make the requisite prima facie case where there is no evidence that Rylander engaged in a protected activity or that he would not have been terminated "but for" that activity. (Dkt. 37 at pp. 21-22). Kroger and Allen acknowledge, however, that Rylander filed a grievance with the Union, but they suggest it does not constitute "protected activity." (Dkt. 37 at p. 21).

### 1. Protected Activity

Protected activity can consist of either: (1) opposing any practice made an unlawful employment practice by Title VII; or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 n.2 (5th Cir. 2016). In order to make the first type of case—an "opposition" case—Rylander must show that he "had a reasonable belief that [Kroger] was engaged in unlawful employment practices." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981).

The uncontroverted evidence in the record shows that Rylander did engage in protected activity. In his deposition, Rylander testified that he filed a grievance with Kroger's "HR" complaining of discrimination against him because of his race and age. (Dkt. 37-1 at p. 17). Filing a complaint with HR is generally considered protected activity under Title VII jurisprudence. *See, e.g.*, *Turner v. Jacobs Eng'g Grp., Inc.*, 470 F. App'x 250, 252 (5th Cir. 2012). Viewing the evidence in the light most favorable to Rylander as the nonmovant, the Court finds Kroger and Allen's argument unavailing.

### 2. Causal Connection

The Court will proceed to analyze Kroger and Allen's sole remaining argument. Kroger and Allen assert that Rylander has no evidence that his protected activity was causally connected to his termination. (Dkt. 37 at p. 22). Rylander does not respond to this point. (*see generally* Dkt. 39).

At the pretext stage, "Title VII retaliation claims must be proved according to traditional principles of but-for causation…." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013). At the earlier prima facie stage, however, the causation standard is "less stringent" than the strict "but-for" standard. *See Garcia v. Professional Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). But under either standard, the decisionmakers involved in the adverse action must have knowledge of the plaintiff's complaint to HR to establish a causal relationship. *See Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 167 (5th Cir. 1999) (noting a prima facie case of retaliatory discharge requires animus motivated by protected activity).

Here, the evidence in the record reflects only one person's involvement in the decision to terminate Rylander's employment, and that was Christopher Marek, one of Rylander's supervisors. (Dkt. 37-7 at ¶ 2). Rylander has not pointed the Court to any evidence that Marek had knowledge of his complaint of discrimination to HR, or that he rubberstamped a decision permeating from someone with knowledge of the complaint and who harbored retaliatory animus. *See Chaney*, 179 F.3d at 167-68; *Zamora*, 798 F.3d at 331-32 (a plaintiff can establish causation under "cat's paw" theory of liability by showing

the person without knowledge of the protected activity was affected by someone with knowledge).

Moreover, additional evidence points away from a causal connection between the complaint and Rylander's dismissal from Kroger. The temporal proximity from the protected activity and the termination are too attenuated to establish the requisite causal connection. Rylander testified that his complaint to HR about race and age discrimination was "much before" his termination—maybe "over a year" prior. (Dkt. 37-1 at p. 18). The Supreme Court has held that three months is insufficient to show causation. *Breeden*, 532 U.S. at 273. By his own admission, Rylander's protected activity possibly predated the adverse action by approximately one year. This wide gap in time is insufficient to meet Rylander's burden to establish the prima facie case of retaliation. Additionally, Rylander has not pointed to any evidence that Kroger departed from any standard procedure. Indeed, Kroger terminated another employee who was alleged to have caused an accident and failed to report it. (Dkt. 37-9 at ¶3). Consistent application of discipline tends to militate against finding a causal connection. *See Richards v. Lufkin Indus., L.L.C.*, 804 F. App'x 212, 216 (5th Cir. 2020). Rylander fails to demonstrate a prima facie retaliation claim under Title VII which makes summary judgment appropriate. *See Haynes v. Pennzoil Co.*, 207 F.3d 296, 301 (5th Cir. 2000) (ending analysis after finding plaintiff failed to establish discrimination claim).

### C. Age Discrimination

Rylander brings a claim of age discrimination pursuant to the ADEA. Under the ADEA, it is unlawful for an employer to fire, refuse to hire, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of his age. 29 U.S.C. § 623(a)(1).

A plaintiff can also prove intentional age discrimination through either direct or circumstantial evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). When discrimination claims are based on circumstantial evidence, courts again apply the *McDonnell Douglas* burden-shifting framework. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *McDonnell Douglas*, 411 U.S. at 802); *see also Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (applying the *McDonnell Douglas* framework to ADEA claim). Here, the burden-shifting framework is applicable because Rylander does not present direct evidence in support of his age discrimination claim.

Under the burden-shifting framework, a plaintiff first must present a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a *prima facie* case of age discrimination, a plaintiff must show that (1) she belongs to a protected class; (2) he was qualified to do his job; (3) he suffered some adverse employment action by his employer; and (4) either (i) he was replaced by someone outside the protected class, (ii) replaced by someone substantially younger, or (iii) otherwise fired because of age. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005), *abrogated on other grounds by Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 177-78, 129 S.Ct.

13 / 16

2343, L.Ed.2d 119 (2009). The ADEA requires a plaintiff to "prove that age was the 'but-for' cause of the employer's adverse decision." *Gross*, 557 U.S. at 176.

Kroger and Allen argue that summary judgment is appropriate on Rylander's age discrimination claim because he cannot establish a similarly situated comparator—*i.e.*, someone younger under nearly identical circumstances who received more favorable treatment—and because the person who replaced him was selected pursuant to a bidding procedure outlined in the applicable contract with the Union. (Dkt. 37).

In his response, Rylander fails to identify a comparator, much less one who is similarly situated. Nor does he point the Court to any evidence that his replacement was substantially younger. Fatal to Rylander's claim of age discrimination is his failure to show that he was otherwise fired because of his age. Indeed, Rylander makes only a single reference to his age in his response, posing the question: "Why would a 49-year-old man, with a child and a new bride refuse to do all that is possible to get his well-paying job back?" (Dkt. 42 at p. 15). But that is insufficient to survive summary judgment. *See Vasquez v. Nueces Cnty.*, 551 F. App'x 91, 93-94 (5th Cir. 2013) ("[W]e have held that the subjective belief of a plaintiff is not sufficient to establish a *prima facie* case of discrimination under … the ADEA"). The Court grants summary judgment in favor of Kroger and Allen.

### D. OSHA Claim

Rylander alleges a claim for violation of the OSH Act, 29 U.S.C. § 666(g). (Dkt. 1 at p. 3). Kroger and Allen challenge Rylander's ability to bring such a claim and contend

that the Act does not create a private right of action. In his response, Rylander does not adequately respond to the arguments directed at his claim. (*see generally* Dkt. 39).

The OSH Act imposes a duty on employers and provides for enforcement by criminal and civil penalties. *See* 29 U.S.C. §§ 662, 666. But as the Fifth Circuit explained nearly half a century ago, "[n]owhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA creating a private right of action for violation of its terms." *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975) (citing 1970 U.S. Code Cong. & Admin. News, pp. 5177-5241; 29 U.S.C. § 651); *see also Lyle v. Magnolia State Enterprise, Inc.*, 105 F.3d 654, 1996 WL 762823, at *3, n.3 (5th Cir. 1996) (holding no private right of action exists under the OSH Act) (citing *Barrera v. E.I. Du Pont de Nemours and Co.*, 653 F.2d 915, 920 (5th Cir. 1981)); *Evans v. Turner*, 59 F.3d 1242, at *1 (5th Cir. 1995) (same). Instead, an aggrieved party must first avail himself of the remedies provided by the Secretary of Labor. *See* 29 U.S.C. § 660(c)(2).

### E. Texas Criminal Statute

Rylander asserts a claim under Texas Penal Code § 37.02 which criminalizes perjury. *See* TEX. PEN. CODE § 37.02. Federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that the plaintiff lacked standing to challenge a Texas criminal statute because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Beach v. Beach*, No. H-18-

4632, 2019 WL 127078, at *1 (S.D. Tex. Jan. 7, 2019) ("The executive branches of the state and federal government have exclusive jurisdiction to commence criminal charges."); *accord Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004). Therefore, Rylander's claim fails as a matter of law and summary judgment is appropriate.

## VI. ANALYSIS OF RYLANDER'S MOTION FOR SUMMARY JUDGMENT

Rylander requests summary judgment on his claims against Kroger Texas LLP. (Dkt. 32). As explained above, Rylander is unable to create a fact issue with respect to Kroger and Allen's Motion for Summary Judgment on the same claims against them. Therefore, judgment in his favor on these same claims cannot obtain as a matter of law.

## VII. CONCLUSION

The Court **GRANTS in part and DENIES in part** Kroger and Allen's Motions to Strike (Dkt. 34; Dkt. 40). Kroger and Allen's Motion for Summary Judgment (Dkt. 37) is **GRANTED**. Rylander's claims are **DISMISSED WITH PREJUDICE**.

Rylander's Motion for Summary Judgment (Dkt. 32) is **DENIED**. Kroger and Allen's Motion to Continue Trial Date and Deadlines (Dkt. 56) is **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, on March 12, 2024.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE